IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONNIE RYAN, AS PERSONAL | § | |
| REPRESENTATIVE OF MARK RYAN | § | |
| AND THE ESTATE OF MARK RYAN | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. 4:12-cv-03510 |
| | § | ADMIRALTY |
| HERCULES OFFSHORE, INC., | § | |
| HERCULES LIFTBOAT COMPANY, LLC | § | |
| NOBLE DRILLING, INC. AND WILD | § | |
| WELL CONTROL, INC. | § | |
|    Defendants. | § | |

---

**WILD WELL CONTROL, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

---

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, Wild Well Control, Inc., and files the following Response to Plaintiff's Motion to Remand, and in support thereof would respectfully show as follows:

# I.
# Table of Contents

I.     Table of Contents ................................................................................... i

II.    Table of Authorities ............................................................................ ii

III.   Nature and Stage of Proceeding ......................................................... 1

IV.   Statement of Issues and Standard of Review ...................................... 2

V.    Summary of the Argument .................................................................. 3

VI.   Argument ............................................................................................. 4

       A.     In the Past, the Removal of Maritime Claims Was Limited by the Language of 28 U.S.C. § 1441(b) ........................................................................... 4

B.    The Removal Statute Changed, the Limiting Language in 28 U.S.C. § 1441(b) Was Deleted, and Claims Over Which the District Courts Have Original Jurisdiction Are Removable..................................................9

C.    The District Court Has Original Jurisdiction Over Each of Plaintiff's Claims, and Plaintiff's Claims Were Properly Removed...........................12

    1.    The District Court Has Original Jurisdiction Over Plaintiff's General Maritime Claims, Which Were Properly Removed.........................12

    2.    The District Court Has Original Jurisdiction Over Plaintiff's DOHSA Claims, Which Were Properly Removed............................17

    3.    The District Court Has Original Jurisdiction Over Plaintiff's Sieracki Seaman Claims, Which Were Properly Removed.............20

VII.    Conclusion ....................................................................................21

VIII.    Exhibit 1 - Copy of Authorities

## II.
## <u>Table of Authorities</u>

Cases

*Aguilar v. Boeing Co.*,
   47 F.3d 1404 (5th Cir.1995)..................................................................2

*Andrews v. Kurth, L.L.P. v. Family Snacks (In re Pro-Snax Distribs.)*,
   157 F.3d 414 (5th Cir. 1998)...........................................................10, 11

*Argandona v. Lloyd's Registry of Shipping*,
   804 F. Supp. 326 (S.D. Fla. 1992)......................................................19

*Baker v. Bell Helicopter/Textron, Inc.*,
   907 F. Supp. 1007 (N.D. Tex. 1995).....................................................19

*Baldwin v. Sears, Roebuck & Co.*,
   667 F.2d 458 (5th Cir. 1982).............................................................15

*Baris v. Sulpicio Lines, Inc.*,
   932 F.2d 1540 (5th Cir. 1991)...........................................................18

*Bogle v. Phillips Petroleum Co.,*
  24 F.3d 758 (5th Cir. 1994)………...………………………………………………2

*Burchett v. Cargill,*
  48 F.3d 173 (5th Cir. 1995)……………………………………………………….7

*Cantuba v. American Bureau of Shipping,*
  1995 WL 143545 (E.D. La. 1995)………………………………………………19

*De Bello v. Brown & Root, Inc.,*
  809 F. Supp. 482 (E.D. Tex. 1992)………………………………………………19

*Fields v. Pool Offshore, Inc.,*
  182 F.3d 353 (5th Cir. 1999)……………………………………………………...15

*Filho v. Pozos Int'l Drilling Services, Inc.,*
  662 F. Supp. 94 (S.D. Tex. 1987)………………………………...……………17, 18, 19, 20

*Free v. Abbott Lab (In re Abbot Lab.),*
  51 F.3d 524 (5th Cir. 1995) ……………………………………………………11

*Gaitor v. Peninsular & Occidental S.S. Co.,*
  287 F.2d 252 (5th Cir. 1961)……………………………………………………2

*Green v. Vermillion Corp.,*
  144 F.3d 332 (5th Cir. La. 1998)………………………………………………..21

*In re Allstate Ins. Co.,*
  8 F.3d 219 (5th Cir. 1993)………...……………………………………………2

*In re Dutile,*
  935 F.2d 61 (1991)………………………………………6, 7, 8, 11, 13, 14, 15, 16, 19

*In re Medscope Marine Ltd.,*
  972 F.2d 107 (5th Cir. 1992)………………………………………………..2, 18

*In re Waterman Steamship Corp.,*
  1992 A.M.C. 2665 (E.D. La. 1992)…..……………………………………………19

*Li Bin Chen v. Mitsubishi Heavy Industries America, Inc.,*
  2009 U.S. Dist. LEXIS 17392 (S.D. Tex. 2009)…..……………………………..15

*Louisiana v. Union Oil Co.,*
  458 F.3d 364 (5th Cir. 2006)……………………………………………………2

*Motts v. M/V Green Wave,*
   210 F.3d 565 (5th Cir. 2000)…………………..…………………………………...…19

*Offshore Logistics, Inc. v. Tallentire,*
   477 U.S. 207 (1995)……...……………………………………..…………………17, 18

*Peavy v. WFAA-TV, Inc.,*
   221 F.3d 158 (5th Cir. 2000)...……………………………………………………11

*Phillips v. Offshore Logistics, Inc.,*
   785 F. Supp. 1241 (S.D. Tex. 1992)………….…………………………………18, 19

*Pierpoint v. Barnes,*
   892 F. Supp. 60 (D. Conn. 1995)……...……………………………………………19

*Poirrier v. Nicklos Drilling Co.,*
   648 F.2d 1063 (5th Cir. 1981)……………………………………………………2, 6, 8

*Robles v. Ambient Pressure Diving Ltd.,*
   2010 U.S. Dist. LEXIS 79910 (C.D. Cal. 2010)………………………………………19

*Romero v. International Terminal Operating Co.,*
   358 U.S. 354 (1959)……………………………………….......…5, 6, 7, 8, 11, 14, 16, 17, 19

*Roth v. Kiewit Offshore Services, Ltd.,*
   625 F. Supp. 2d 376 (S.D. Tex. 2008)…………...……………………………...…12, 13, 14

*Saunee v. Harry's Dive Shop,*
   1992 U.S. Dist. LEXIS 18387 (E.D. La. 1992)…...…………………………………19

*Sea Shipping Co. v. Sieracki,*
   328 U.S. 85 (1946)…………………………………….....…………………………1, 21

*Tennessee Gas Pipeline v. Houston Casualty Ins. Co.,*
   87 F.3d 150 (5th Cir. 1996)………...……………………………………………8, 14

*Tomlin v. Carson Helicopters, Inc.,*
   700 F. Supp. 248 (E.D. Pa. 1988)……………………………………………………19

*Trinh v. Yamaha Boat Co.,*
   122 F. Supp. 2d 1364 (S.D. Ga. 2000)…...…………………………………………19

*Uncle Ben's International Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft,*
   855 F.2d 215 (5th Cir. Tex. 1988)…………………………………………………...18

*United States v. Ron Pair Enters,*
    489 U.S. 235 (1989) ...........................................................................10, 11

*Walsh v. Seagull Energy Corp.,*
    836 F. Supp. 411 (S.D. Tex. 1993) ......................................................14

*Williams v. M/V Sonora,*
    985 F.2d 808 (5th Cir. 1993) ......................................................8, 15, 16

*Yangming Marine Transport Corp. v. Electri-Flex Co.,*
    682 F. Supp. 368 (N.D. Ill. 1987) ...................................................13, 14

*Zaini v. Shell Oil Co.,*
    853 F. Supp. 960 (S.D. Tex. 1994) ......................................................19

Statutes

28 U.S.C. § 1292 ...................................................................................2

28 U.S.C. § 1331 .............................................................................5, 9, 12

28 U.S.C. § 1332 .............................................................................10, 12

28 U.S.C. § 1333 ...............................................................5, 6, 7, 8, 9, 11, 12

28 U.S.C. § 1335 ...................................................................................12

28 U.S.C. § 1336 ...................................................................................12

28 U.S.C. § 1337 ...................................................................................12

28 U.S.C. § 1441 ............................................................................*Passim*

28 U.S.C. § 1447 ...................................................................................2

46 U.S.C. § 30302 ...............................................................................17

Other Authorities

*Black's Law Dictionary* 856 (7th ed. 1999) ...............................................16

H.R. REP. No. 112-10 at p. 8 (2011) ......................................................10

U.S. CONST. art. III sec. 2 ...............................................................5, 12

## III.
## __Nature and Stage of the Proceeding__

Plaintiff, Jonnie Ryan, filed her Original Petition in the 80th Judicial District Court of Harris County, Texas.[1] Plaintiff alleged that she was the personal and estate representative of Decedent, Mark Ryan.[2] Plaintiff alleges that Decedent died following a heart attack while performing well control work offshore Port Harcourt, Nigeria.[3] Plaintiff stated causes of action under general maritime law, the Death on the High Seas Act (DOHSA), and according to the *Sieracki* seaman doctrine.[4] She named defendants including Wild Well Control, Inc.[5] Wild Well Control, Inc. (Wild Well) filed its answer in the state court[6] and thereafter timely removed the action to this Honorable Court.[7] Plaintiff filed her Opposed Motion to Remand on January 2, 2013[8] and filed her Supplemental Motion to Remand on January 3, 2013.[9]

In her Motion to Remand, Plaintiff claims that removal was improper because her general maritime and DOHSA claims "do not arise under the Constitution, treaties

---

[1] *See* Dkt. 1, Ex. 5, p. 3-8.

[2] *Id.* p. 3.

[3] *Id.* p. 5-6.

[4] *Id.* at p. 5, 7-9.

[5] *Id.* at p. 3-4.

[6] *Id.* at p. 24-28.

[7] Dkt. 1.

[8] Dkt. 3.

[9] Dkt. 4. Plaintiff filed her Supplemental Motion to Remand only to conform to this Honorable Court's formatting requirements and to correct non-substantive grammatical errors. References to Plaintiff's Motion to Remand in this Response refer to her Supplemental Motion to Remand.

1

or laws of the United States for purposes of federal question and removal jurisdiction."[10] In this response, Wild Well demonstrates that the rules applicable to removal of general maritime and DOHSA claims is predicated upon statutory language that was recently eliminated, that this court has original jurisdiction over Plaintiff's claims, and that removal was appropriate following the plain language of the applicable removal statute.

## IV.
## Statement of the Issues and
## Standard of Review

The broad issue here is whether this action should be remanded. The defendant bears the burden of establishing removal was proper in opposition to a motion to remand a case to state court.[11]   Generally, orders denying remand are not reviewable until a final order has been entered.[12]   Denial of remand may be reviewed, however, upon certification for interlocutory appeal by the district court pursuant to 28 U.S.C. § 1292.[13]  In rare occasions, a denial of remand may also be reviewed through a petition for writ of mandamus.[14]

To resolve this issue, this Honorable Court must determine whether it has original jurisdiction over any of Plaintiff's claims. If so, the Court must determine whether it should apply 28 U.S.C. § 1441 according to its plain language, as Wild Well

---

[10] *See* Dkt. 4 generally and at p. 8.

[11] *Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961).

[12] *See* 28 U.S.C. 1447(d); *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 761 (5th Cir. 1994); *In re Medscope Marine Ltd.*, 972 F.2d 107,108 (5th Cir. 1992).

[13] *See* 28 U.S.C. § 1292; *Louisiana v. Union Oil Co.*, 458 F.3d 364, 366 (5th Cir. 2006); *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1065 (5th Cir. 1981).

[14] *Poirrier*, 648 F.2d at 1064; *In re Allstate Ins. Co.*, 8 F.3d 219, 220 (5th Cir. 1993).

urges, or whether the plain language should be disregarded in favor of authority that would have prevented removal based on statutory language that was deleted by recent amendment.

## V.
## Summary of the Argument

The statute controlling the removal of civil actions was amended on December 7, 2011. Prior to this date, 28 U.S.C. § 1441(a) provided that an action may be removed if the United States district courts have original jurisdiction. However, such removal was limited by the provisions of 28 U.S.C. § 1441(b). This subsection included two sentences. The first sentence provided that an action could be removed without regard to the citizenship of the parties if the action arose "under the Constitution, treaties or laws of the United States." The second sentence provided that, in all other cases, the action could only be removed if none of the defendants was a citizen of the state where the suit was brought.

In considering the propriety of removing general maritime claims under the pre-amendment version of the removal statute, the courts determined that such claims do not arise "under the Constitution, treaties or laws of the United States" to permit removal as a "federal question" without further inquiry pursuant to the first sentence of 28 U.S.C. § 1441(b). Accordingly, the second sentence of 28 U.S.C. § 1441(b) was repeatedly found to govern the removal of maritime claims. Such claims could only be removed when no defendant was a resident of the state of suit, effectively requiring diversity.

The law changed with the amendment of the removal statute, 28 U.S.C. § 1441 (2011). The Amendment deleted the limiting language in 28 U.S.C. § 1441(b) that

3

effectively permitted removal of maritime claims only when there was no resident defendant. As it stands, an action is removable under the new statute, "except as otherwise provided by Act of Congress" if the district court has original jurisdiction. This Honorable Court has original jurisdiction over each of Plaintiff's claims, and this action is removable according to the plain language of 28 U.S.C. § 1441.

# VI.
## Argument

### A.    In the Past, the Removal of Maritime Claims Was Limited by the Language of 28 U.S.C. § 1441(b)

Before the amendment of 28 U.S.C. § 1441 at the end of 2011, subsections (a) and (b) read as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[15]

---

[15] 28 U.S.C. § 1441(a) & (b)(2002). Plaintiff has provided a detailed account of the amendment history prior to 2011. *See* Dkt. 4, fn. 4, p. 8 to 9. The subsections relevant to the pending motion contained consistent language until the 2011 amendments.

4

The district courts possess original jurisdiction over maritime claims as authorized by Article III, Section 2 of the United States Constitution and enacted by 28 U.S.C. § 1333(1).[16]

In *Romero v. International Terminal Operating*, the Supreme Court established that general maritime claims do not present a federal question.[17] In *Romero*, the issues presented to the court included whether an injured seaman could bring claims in federal district court under the grant of jurisdiction contained in 28 U.S.C. § 1331.[18] The five member majority held that general maritime claims are not "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States."[19] In so doing, the Court noted the similarity between the jurisdictional grant contained in 28 U.S.C. § 1331 and the language of 28 U.S.C. § 1441[20] and recognized that its holding would prevent the "free removal" of all general maritime claims under the first sentence of 28 U.S.C. § 1441(b).[21]

---

[16] *See* U.S. CONST. art. III sec. 2 ("The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;... to all cases of admiralty and maritime jurisdiction ..."); 28 U.S.C. § 1333(1)("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1)Any civil case of admiralty or maritime jurisdiction, Saving to Suitors in all cases all other remedies to which they are otherwise entitled.").

[17] 358 U.S. 354 (1959).

[18] *Id.* at 359.

[19] *Id.* at 368

[20] *Id.* at 372 and fn. 30. *Compare* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions *arising under the Constitution, laws, or treaties of the United States*."), 28 U.S.C. § 1441(b)(2002)(" Any civil action of which the district courts have original jurisdiction founded on a claim or right *under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties.")(emphasis added).

[21] *See Id.* at 372 and fn. 30 (In so doing, the court implicitly recognized that the general maritime claims at issue satisfied the requisites of 28 U.S.C. § 1441(a)).

In *Poirrier v. Nicklos Drilling Company*, the 5th Circuit considered the impact of the saving clause on removal of maritime claims.[22] *Poirrier* brought a state court action for personal injury sustained on a drilling barge, invoking the "saving to suitors" provision of 28 U.S.C. § 1333.[23] The defendant removed the action based on diversity, and *Poirrier* sought remand arguing that the saving clause prevented removal.[24] The district court denied remand, and *Poirrier* pursued mandamus.[25] The 5th Circuit denied mandamus, noting that removal on the basis of diversity was proper and that saving to suitors preserved state remedies but did prevent the removal of state actions.[26]

Although *Romero* was not a removal case, the 5th Circuit applied its holding to the issue of removal in *Dutile*.[27] *Dutile* involved a seaman's claim for injuries under the Jones Act and at general maritime law.[28] The defendant vessel owner argued that removal was appropriate despite the prohibition against removal of Jones Act claims because there were "separate and independent" maritime claims that would be removable if pursued alone.[29] The *Dutile* court found that the admiralty claims on which

---

[22] 648 F.2d at 1066.

[23] *Id.* at 1064.

[24] *Id.* 1064-65.

[25] *Id.* 1064.

[26] *Id.* at 1065-66. (Although Wild Well does not contend that the present action was removed on diversity grounds, diversity is no longer the sole basis for removal, and Plaintiff's reliance on the saving to suitors provision is unfounded).

[27] *In re Dutile*, 935 F.2d 61 (1991).

[28] *Id.* at 61-62.

[29] *Id.* at 62.

the vessel owner relied were not removable following *Romero*.[30] In so doing, the court recognized the original jurisdiction over all maritime claims provided by 28 U.S.C. § 1333(1).[31] The court went on to explain that 28 U.S.C. § 1441(a) provides for removal "Except as expressly provided by Act of Congress."[32] The court found that 28 U.S.C. § 1441(b) was exactly such an "Act of Congress" limiting removal.[33] The court cited *Romero* for the proposition that claims in admiralty "emphatically" do not fall within the class of claims "arising under the Constitution, treaties or laws of the United States" such that they may be removed without regard to the citizenship of the parties in accordance with the first sentence of the former 28 U.SC. § 1441(b).[34] Accordingly, the *Dutile* court held that admiralty and general maritime claims "fall within the category of 'any other [civil] action' governed by the second sentence of § 1441(b)... [and] ... are 'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'"[35] Although the claims in Dutile met the requisites of 28 U.S.C. § 1441(a), the court explained that the "practical effect" of 28 U.S.C. § 1441(b) was "to prevent the removal of admiralty claims

---

[30] *Id.*

[31] *See Id.* and fn. 1 (Also recognizing the "saving to suitors" provision as the source of concurrent state jurisdiction rather than a mechanism to prevent removal).

[32] *Id.*

[33] *Id.* at 62-63. Another example of a statutory prohibition against removal would be the non-removability of FELA claims adopted by and applicable to actions arising under the Jones Act. *See Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995). Plaintiff here has no Jones Act allegations.

[34] *Id.* at 63.

[35] *See Id.* (Quoting the language of the former 28 U.S.C. §.)

pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants)."[36]

In *Tennessee Gas*, the 5th Circuit dealt with an ocean-going vessel that allided with a platform on the outer continental shelf. [37] The platform owner sued a non-diverse defendant, alleged general maritime claims, and, after removal, argued that the saving to suitors provision of 28 U.S.C. 1333 prevented removal.[38] The Court cited *Romero*, *Dutile*, and 28 U.S.C. 1441(b) for the proposition that maritime claims do not arise under the Constitution, treaties, or laws of the United States for the purpose of federal question or removal jurisdiction.[39] The court went on to find that the saving clause does not prevent removal where there is another basis for jurisdiction.[40] The court found that the plaintiff's claims arose under the Outer Continental Shelf Lands Act, noted the uncertain nature of whether an OCSLA claim arose under the terms of 28 U.S.C. § 1441(a), and declined to decide whether OCSLA claims raise a federal question in finding removal appropriate under 28 U.S.C. § 1441(b) because the only defendant was not a citizen of the state where suit was brought.[41]

---

[36] *Id.*

[37] *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150 (5th Cir. 1996).

[38] *Id.* at 152.

[39] *Id.* at 153 and fn. 5.

[40] *See Id.* at 153 and fn. 6, citing *Porrier*, 648 F.2d at 1066 (permitting removal of saving clause case for diversity) and *Williams v. M/V Sonora*, 985 F.2d 808 (5th Cir.1993) (permitting removal of a saving clause case where jurisdiction was proper under the Federal Sovereign Immunities Act).

[41] *See Tennessee Gas*, 87 F.3d 155-56 (The court acknowledged the difficulty and conflicting approaches in determining whether statutes granting original jurisdiction raised federal questions in cases with a maritime flavor. With the new statutory amendment and its deletion of the operative language contained in 28 U.S.C. § 1441(b), that difficulty is no more).

This discussion leaves us with the state of the law before December 2011. The first subsection of the removal statute, 28 U.S.C. § 1441(a), provided for removal of claims where the district courts had original jurisdiction and there was no express provision by Act of Congress to the contrary.  The following subsection of the prior statute, 28 U.S.C. § 1441(b)(2002), placed immediate conditions on its predecessor's broad grant of removal jurisdiction. Specifically, it provided for removal when the source of the original jurisdiction was a federal question or, in the alternative, when no defendant was a resident of the forum state. The Supreme Court clarified that maritime claims – within the original jurisdiction of the federal courts pursuant to the Constitution and 28 U.S.C. 1333(1) – nevertheless did not state a federal question for the purpose of 28 U.S.C. § 1331 or the identical language in the first sentence of the former 28 U.S.C. § 1441(b). The 5th Circuit applied this holding to permit removal of general maritime claims only when they offered a separate basis for federal question jurisdiction under the first sentence or 28 U.S.C. § 1441(b) or when they satisfied the "non-resident defendant" requirement in the second sentence of 28 U.S.C. § 1441(b). The 5th Circuit also rejected contentions that the saving clause prevented removal of general maritime claims otherwise properly removed under 28 U.S.C. § 1441(b).

**B.    The Removal Statute Changed, the Limiting Language in 28 U.S.C. § 1441(b) Was Deleted, and Claims Over Which the District Courts Have Original Jurisdiction Are Removable**

The removal statute was amended with changes effective on December 7, 2011. As amended, the statute now reads:

(a)  Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

9

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal Based on Diversity of Citizenship. — (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 (a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[42]

Plaintiff characterizes the changes to 28 U.S.C. § 1441(a) and § 1441(b) as "not substantive" and "irrelevant," citing ministerial language describing the changes in the House Judiciary Committee Report for the proposition that there was no greater purpose for the amendment.[43] Although the minimal clues to Congressional intent contained in the report are not clearly supportive of Plaintiff's contentions,[44] the issue of Congressional intent cannot be reached in this case because the revised statute is perfectly clear.

Statutory interpretation must begin with an examination of the plain language of the statute at issue.[45]   A court's examination of a statute is confined to the words of the

---

[42] 28 U.S.C. § 1441 (2011).

[43] Dkt. 4, p. 9-10; H.R. REP. NO. 112-10 (2011).

[44] Plaintiff cites to descriptions of the changes without substantive discussion of their importance. Dkt. 4, p. 9-10. Compare to H.R. REP. NO. 112-10 at p. 8 (2011)(Noting that "section 1441 applies only when district courts have original jurisdiction—which here would be through diversity" in discussing revisions to the diversity provisions regarding resident aliens and suggesting the understanding that the simplified statute applies equally to the range of mechanisms for obtaining original jurisdiction).

[45] *Andrews & Kurth L.L.P. v. Family Snacks (In re Pro-Snax Distribs.)*, 157 F.3d 414, 425 (5th Cir. 1998); *see also United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989) (stating that the "task of resolving the dispute over the meaning of [a statute] begins where all such inquirings must begin: with the language of the statute itself").

statute, unless the words are unclear or ambiguous.[46]   A court should not look to the legislative history of a statute to guide its interpretation unless the plain language of the statute is ambiguous.[47] The Fifth Circuit has held that even where an amended statute changes or overrules prior law, the "cardinal canon of statutory construction" remains that the statutory interpretation begins and ends with the plain language of the statute.[48]

There is no ambiguity here. The revised 28 U.S.C. § 1441(a) could not be more clear; a case is removable if there is original jurisdiction and there is not a statutory bar to removal. General maritime claims fulfill the essentially unchanged language of 28 U.S.C. § 1441(a), which fact has been recognized by the courts implicitly[49] and explicitly.[50] The courts have repeatedly held that removal jurisdiction over maritime claims is constrained by the language of the former version of 28 U.S.C. § 1441(b).[51] The confining language of this subsection is now entirely gone, taking with it the need for mental gymnastics in determining whether federal statutes granting original jurisdiction to the federal courts also implicate federal questions for removal purposes. In its place,

---

[46] *Pro-Snax*, 157 F.3d at 425; *Free v. Abbott Lab. (In re Abbot Lab.)*, 51 F.3d 524, 528 (5th Cir. 1995).

[47] *Pro-Snax*, 157 F.3d at 425; *Abbott*, 51 F.3d at 528.  *See also Ron Pair*, 489 U.S. at 241; *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000).

[48] *Pro-Snax*, 157 F.3d at 425; *Abbott*, 51 F.3d at 528.

[49] *See Romero*, 358 U.S. 371-72 and fn. 30 (Observing that if a general maritime claim stated a federal question, it would be freely removable under the pre-amendment version of 28 U.S.C. § 1441(b) – a statute not reached before satisfaction of 28 U.S.C. § 1441(a)).

[50] *See Dutile*, 935 F.2d 61 (1991)(Explaining that maritime claims brought pursuant to 28 U.S.C. § 1333(1) satisfy the original jurisdiction requisite of 28 U.S.C. § 1441(a) but are nevertheless constrained by the now eliminated language of 28 U.S.C. § 1441(b)).

[51] *See, supra*, p. 5 to 9.

according to the plain language of the statute, is a more comprehensible and less recursive system under which the federal question statute,[52] the diversity statute,[53] the admiralty statue,[54] and any of the other laws providing original jurisdiction to the district courts[55] also give rise to removal jurisdiction.

**C.    The District Court Has Original Jurisdiction Over Each of Plaintiff's Claims, and Plaintiff's Claims Were Properly Removed**

     *1.    The District Court Has Original Jurisdiction Over Plaintiff's General Maritime Law Claims, Which Were Properly Removed*

The district courts have original jurisdiction over admiralty and maritime claims.[56] Wild Well cited *Roth* for this proposition in its Brief in Support of It's Notice of Removal.[57] Plaintiff took exception in the Motion to Remand, stating that "*Roth* squarely holds that admiralty claims do not arise under the Constitution or federal law and may not be removed."[58] Plaintiff misses the point. The court in *Roth* was challenged with the propriety of removal of negligence claims arising from the death of a worker aboard a semi-submersible in Corpus Christi.[59] The plaintiffs denied that their claims arose under maritime law, and the court went through an analysis to determine that the

---

[52] 28 U.S.C. § 1331.

[53] 28 U.S.C. § 1332.

[54] 28 U.S.C. § 1333.

[55] *See, e.g.,* 28 U.S.C. § 1337, 28 U.S.C. § 1335, 28 U.S.C. § 1336.

[56] *Roth v. Kewitt Offshore Servs.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008), U.S. CONST. art. III sec. 2, 28 U.S.C. § 1333(1).

[57] Dkt. 1, Ex. 1, p. 4.

[58] Dkt. 4, p. 13.

[59] *Roth*, 625 F.Supp. 2d. at 381.

claims were in fact within the courts admiralty jurisdiction however they were pled.[60]
While the *Roth* court granted remand, it did so based not on the lack of original
jurisdiction under 28 U.S.C. § 1441(a) but on analysis set forth in *Dutile* and the parties'
inability to comply with the second sentence of the old 28 U.S.C. § 1441(b)(2002).[61] In
so holding, the court set forth the following brief summary of the then extant law:

> [A]dmiralty and general maritime claims fall within the category of "[a]ny
> other [civil] action" governed by the second sentence in Section 1441(b). ...
> As such, they are "removable only if none of the parties in interest properly
> joined and served as defendants is a citizen of the State in which the action
> is brought." 28 U.S.C. § 1441(b).[62]

*Roth* simply applied the law established by *Dutile* to find that the second sentence of 28
U.S.C. § 1441(b) was in impediment to removal of an admiralty claim. Plaintiff's
problem now is that the limiting language of the old 28 U.S.C. § 1441(b) is no more. It is
gone, and it cannot continue to haunt maritime removals from the grave.

Plaintiff is likewise incensed by Wild Well's reliance on *Yangming*.[63] Like *Roth*,
the court in *Yangming* recognized that "Admiralty cases are actions over which the
district courts have original jurisdiction" and are removable under 28 U.S.C. § 1441(a)

---

[60] *See Id.* at p. 382-385 (Concluding "Plaintiffs could have originally filed this suit in federal court."). The analysis need not be undertaken in the present case, as Plaintiff contends her claims arise under maritime law. *See* Dkt. 1, Ex. 5, p. 5, 7-9.

[61] *Id.* at 390 ("Although there is original federal admiralty jurisdiction, Section 1441(b) of the federal removal statute prohibits removal of this suit except where complete diversity of citizenship between the parties exists.").

[62] *Id.* at 386.

[63] *Yangming Marine Transport Corp. v. Electri-Flex Co.*, 682 F.Supp. 368, 372 (N.D. Ill. 1987). See, Dkt. 4, p. 13-14.

subject to the constraints of the former 28 U.S.C. § 1441(b).[64] Like *Roth*, the *Yangming* court remanded because the defendant's residence could not satisfy the second sentence of the former 28 U.S.C. § 1441(b),[65] a sentence now entirely absent from the statute.

The other cases on which Plaintiff relies are likewise distinguishable. *Dutile* and *Tennessee Gas* have already been discussed at length.[66]  Plaintiff cites *Walsh v. Seagull Energy Corp.*[67] for the proposition that Wild Well has incorrectly ignored the "saving to suitors" clause.[68] However, the court in *Walsh* did not rule that the saving clause prevents removal of a maritime claim; to the contrary it found that "[o]ther than for its grant of concurrent jurisdiction to the state courts, the saving clause is irrelevant to the removal question."[69] The defendant in Walsh admitted residence in the forum state, and the court remanded on the basis of the first sentence of the former 28 U.S.C. § 1441(b).[70] Plaintiff cites *Romero*[71] for the proposition that the saving clause affords state and federal courts concurrent jurisdiction over maritime claims.[72] This statement of the role of the saving to suitors provision is undeniably correct but provides no support for Plaintiff's position under the new removal statute. The concurrency of jurisdiction only

---

[64] *Yangming*, 682 F.Supp. 372-73.

[65] *Id.* at 373-74.

[66] *See, supra*, p. 6 to 9.

[67] 836 F.Supp. 411 (S.D. Tex. 1993).

[68] Dkt. 4, p. 11.

[69] *Walsh*, 836 F.Supp. at 414.

[70] *Id.* at 413, 418.

[71] 358 U.S. at 371-72.

[72] Dkt. 4, p. 11.

confirms that the action could have been filed originally in the federal district court, satisfying the sole requirement for removal in the revised 28 U.S.C. § 1441.[73] Plaintiff cites *Fields v. Pool Offshore*[74] for the proposition that a general maritime claim does not furnish a basis for removal despite the fact it could have been originally brought in state court.[75] However, the *Fields* court denied remand of a fraudulently pleaded Jones Act claim removed on the basis of diversity and under the OCSLA, noting in a single footnote that the saving clause did not prevent such removal and that removal of general maritime claims requires another basis of jurisdiction that was the legacy of the 28 U.S.C. § 1441(b) authority to date.[76]

Plaintiff finally cites this Honorable Court's decision in *Li Bin Chen v. Mitsubishi Heavy Industries America, Inc.*[77], another case decided without the benefit of the revised removal statute.[78] Remand was granted in *Li Bin* under the premise that maritime saving clause cases cannot be removed "absent an independent basis for federal jurisdiction, such as complete diversity."[79] The opinion was a lineal descendent from *Dutile*, citing the 5th Circuit decision in *Williams v. M/V SONORA*.[80] The court in

---

[73] *See Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459-460 (5th Cir. 1982)("Unless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable.").

[74] 182 F.3d 353 (5th 1999).

[75] Dkt. 4, p. 12.

[76] *Fields*, 182 F.3d at 355 fn. 1 and 359.

[77] 2009 U.S. Dist. LEXIS 17392 (S.D. Tex. 2009).

[78] Dkt. 4, p. 12-13.

[79] 2009 U.S. Dist. LEXIS 17392 at *8.

[80] *Id., citing Williams*, 985 F.2d at 812.

*Williams* was concerned with whether the lower court erred by retaining an action removed under the Foreign Sovereign Immunities Act after dismissal of the foreign sovereign.[81] In holding that it was not an abuse of discretion to retain the case, the *Williams* court distinguished contrary authority by noting that the remaining admiralty claims "provided an independent basis of subject matter jurisdiction."[82] The plaintiff raised the saving to suitors issue ultimately discarded by the court.[83] In mentioning the plaintiffs' contention that saving clause cases cannot be removed, the *Williams* court cited only *Dutile*.[84] As discussed previously, *Dutile* did not bar removal on the basis of the savings clause. Rather, *Dutile* recognized the original jurisdiction of the federal courts while explaining the limited circumstances in which removal is possible with diversity or a separate federal question due to the combined effect of *Romero* and the since eliminated 28 U.S.C. 1441(b).[85]

Under the new version of the removal statute, 28 U.S.C. § 1441 (2011), removal is proper if the district courts have original jurisdiction. There is no serious contention that the district courts lack original jurisdiction over Plaintiff's claims.[86] With the litany of jurisprudence limiting removal of admiralty claims by 28 U.S.C. § 1441(b), Plaintiff cannot now claim the deletion of this statutory language is non-substantive and without

---

[81] *Williams*, 985 F.2d at 810-11.

[82] *Williams*, 985 F.2d at 812.

[83] *Id.*

[84] *Id. citing Dutile*, 935 F.2d at 63.

[85] *See, supra*, p. 6 - 8.

[86] The claims certainly could have been filed in federal district court. *See* BLACK'S LAW DICTIONARY 856 (7th ed. 1999)(Defining "original jurisdiction" as a "court's power to hear and decide a matter before any other court can review the matter.").

effect. The federal district courts have original jurisdiction over the admiralty claims at issue, and the present action was properly removed pursuant to 28 U.S.C. § 1441(a).

2. *The District Courts Have Jurisdiction Over Plaintiff's DOHSA Claims, Which Were Properly Removed*

The DOHSA provides that "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas ... the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible."[87] The United States Supreme Court interpreted this passage as a grant of concurrent jurisdiction to the state and federal trial courts over claims arising under the DOHSA.[88]

Plaintiff has correctly identified to Southern District of Texas cases reaching different conclusions regarding the removability of claims under the DOHSA.[89] *Filho v. Pozos Int'l Drilling Servs, Inc.*[90] involved deaths on the high seas removed on the basis that the DOHSA provides federal question jurisdiction.[91] Following *Romero*, the court concluded that it could not obtain federal question jurisdiction over the DOHSA claim.[92] In so doing, the court noted the statutory basis for removal jurisdiction, 28 U.S.C. §

---

[87] 46 U.S.C. § 30302.

[88] *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 231-32.

[89] Dkt. 4, p. 12.

[90] 662 F.Supp. 94 (S.D. Tex. 1987).

[91] *Id.* at 95-96.

[92] *Id.* at p. 98, 100.

1441(a) and § 1441(b), explaining that the later section could only be read as predicated upon initial compliance with the former section.[93]

The court in *Phillips v. Offshore Logistics*[94] reached the opposite conclusion, denying remand of a DOHSA claim based on the removal jurisdiction afforded claims of original jurisdiction under 28 U.S.C. § 1441(a) and on the *Tallentire* court's decision establishing concurrent jurisdiction, which it interpreted as necessarily raising a federal question.[95]

The 5th Circuit declined to decide the issue in *Baris v. Sulpicio Lines, Inc.*[96] The plaintiffs in *Baris* failed to timely file their motion to remand, in so doing waiving their objections to procedural defects and retaining only their right to object to subject matter jurisdiction.[97] The court found that it had *original subject matter jurisdiction over the DOHSA claim* and that remand was therefore improper.[98] The 5th Circuit again declined to decide the issue of DOHSA claim removability in *In re Medscope Marine Ltd.*[99] In

---

[93] *Id.* at 92, fn. 2.

[94] 785 F.Supp. 1241 (S.D. Tex. 1992).

[95] *Id.* at 3-5.

[96] 932 F.2d 1540 (5th Cir. 1991).

[97] *Id.* at 1543-46.

[98] *Id.* at 1548-49. By its terms, 28 U.SC. § 1337 affords an alternate basis for the district court's exercise of original and removal jurisdiction over DOSHA claims. *See Uncle Ben's International Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir. Tex. 1988) (Holding that an action involving the Carriage of Goods by Sea Act could have been brought originally in federal court under 28 U.S.C. § 1337 and was therefore properly removed under 28 U.S.C. § 1441).

[99] 972 F.2d 107 (5th Cir. 1992)(Declining to decide the issue pursuant to its conclusion that the remand order was not reviewable).

*Motts v. M/V Green Wave*[100], the 5th Circuit noted that DOHSA "does not appear to confer federal question jurisdiction on the courts" but still held that accidents at sea state claims under DOHSA accruing in admiralty,[101] supportive of removal under the amended statute. Plaintiff again cites to a laundry list of district court cases, all of which are generally contrary to Plaintiff's intended outcome due to their implicit or explicit reliance on a portion of the removal statute since deleted.[102]

---

[100] 210 F.3d 565 (5th Cir. 2000).

[101] *Id.* at 571 and fn. 5.

[102] *See* Dkt. 4 at p. 16-17. *See also*, in the order cited by Plaintiff:

*Tomlin v. Carson Helicopters, Inc.*, 700 F.Supp. 248 (E.D. Pa. 1988)(Declining to apply the "complete preemption doctrine" to find federal question jurisdiction when the plaintiff claimed only state relief and the defendant urged that the claims should arise under DOHSA).

*Argandona v. Lloyd's Registry of Shipping*, 804 F.Supp. 326, 328 (S.D. Fla. 1992)(Holding that there is no federal question to support removal of DOHSA claims pursuant to *Romero* and the old version of 28 U.S.C. § 1441(b) "[e]ven if DOHSA and other admiralty cases might be removable under section 1441(a).").

*De Bello v. Brown & Root, Inc.*, 809 F.Supp. 482 (E.D. Tex. 1992)(Citing 28 U.S.C. § 1441(a), holding that "[c]learly, this court does have original jurisdiction of admiralty cases," but remanding pursuant to *Dutile, Romero*, and the repealed version of 28 U.S.C. § 1441(b) because there is no federal question and there are local defendants).

*In re Waterman Steamship Corp.*, 1992 A.M.C. 2665 (E.D. La. 1992)(Outlining the dispute represented by *Filho* and *Phillips*, describing the lack of authority, and declining to address the issue due to the statutory bar to removal of related Jones Act claims.).

*Saunee v. Harry's Dive Shop*, 1992 U.S. Dist. LEXIS 18387 (E.D. La. 1992)(Following *Filho* and finding that DOSHA claims do not present a federal question).

*Zaini v. Shell Oil Co.*, 853 F.Supp. 960 (S.D. Tex. 1994)(Following *Filho* and holding "[w]hile a claim under DOHSA may be originally cognizable in federal court, it does not necessarily follow that a DOHSA claim is removable to federal court" without benefit of the newly revised 28 U.S.C. § 1441(a) that makes such claims removable based on original jurisdiction alone).

*Pierpoint v. Barnes*, 892 F.Supp. 60 (D. Conn. 1995)(Applying the stricken language of 28 U.S.C. § 1441(b) to deny removal jurisdiction).

19

As it stands, whether DOHSA claims state a federal question is an issue that has not been reached by the 5th Circuit. The issue may never be reached, as the amendment to 28 U.S.C. § 1441 has simplified the jurisdictional analysis. *Filho* and its progeny were decided on the basis of a prior version of the removal statute, where it was necessary to reach a federal question or find diversity to obtain removal jurisdiction of an admiralty claim. The present version of the statue provides for the removal of any claim with respect to which the district courts have original jurisdiction and removal is not otherwise prohibited. It is undisputed that the district courts have original jurisdiction over DOHSA claims, there is no Act of Congress prohibiting their removal, and Plaintiff's DOHSA claims were properly removed in the present action.

3.    *The District Courts Have Jurisdiction Over Plaintiff's Sieracki Seaman Claims, Which Were Properly Removed*

Plaintiff asserts claims by virtue of his alleged status as a "*Sieracki* seaman." *Sieracki* and its progeny permit a limited class of plaintiffs to pursue a maritime

---

*Baker v. Bell Helicopter/Textron, Inc.*, 907 F.Supp. 1007 (N.D. Tex. 1995)(Following *Filho* in holding there is no federal question removal jurisdiction over DOHSA claims).

*Cantuba v. American Bureau of Shipping*, 1995 U.S. Dist. LEXIS 4064 (E.D. La. 1995)(Noting "convincing rationale of the arguments favoring the removal of DOHSA claims" but declining to find removal jurisdiction under the premise of federal question jurisdiction).

*Trinh v. Yamaha Boat Co.*, 122 F.Supp. 2d 1364 (S.D. Ga. 2000)(Denying removal jurisdiction based on the former version of 28 U.S.C. § 1441(b) and the proposition that "only federal questions are removable to federal court" thereunder.).

*Robles v. Ambient Pressure Diving Ltd.*, 2010 U.S. Dist. LEXIS 79910 (C.D. Cal. 2010)(Adopting the *Filho* analysis that DOHSA claims present no federal question).

unseaworthiness action against a vessel.[103] As these claims necessarily arise at maritime law, they are within the court's original jurisdiction and are removable under 28 U.S.C. § 1441(a) along with the remainder of Plaintiff's claims.

# VII.
# Conclusion

When removal was subject to the requirements of the former 28 U.S.C. § 1441(b), actions stating maritime claims could not be removed without regard to the residence or citizenship of the parties because such claims do not state a "federal question." However, the removal language was recently amended and simplified. The "federal question" language of subsection (b) is no longer a condition for removal. Removal is now generally available under 28 U.S.C. § 1441(a) when the district courts possess original jurisdiction. It is well established that the district courts possess original jurisdiction over each of Plaintiff's claims, and this action was properly removed.

WHERE, PREMISES CONSIDERED, Defendant Wild Well prays that Plaintiff's Motion to Remand be denied, this the present action remain before this Honorable Court, and that, on hearing, it have all such other relief to which it may be entitled.

Respectfully submitted,

Brown Sims

By: /s/ Allen D. Hemphill
      Allen D. Hemphill

---

[103] *See, e.g., Sea Shipping Co. v. Sieracki*, 328 U.S. 85 (1946); *Green v. Vermilion Corp.*, 144 F.3d 332, 337 (5th Cir. La. 1998).

Attorney-in-Charge
Texas Bar No. 00796740
S.D. Bar No. 35337
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel:  (713) 629-1580
Fax:  (713) 629-5027
ahemphill@brownsims.com

ATTORNEYS FOR DEFENDANT
WILD WELL CONTROL, INC.


Of Counsel:

BROWN SIMS
Kenneth G. Engerrand
Texas Bar No. 06619500
S.D. Bar No. 2078
Jennifer C. Hancock
Texas Bar No. 24038830
S.D. Bar No. 34851
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel:  (713) 629-1580
Fax:  (713) 629-5027
kengerrand@brownsims.com
jhancock@brownsims.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been served upon the following counsel via e-file.  If counsel is not a user of the e-file system, then this document will be served *via* Certified Mail, return receipt requested on the _23rd_ day of January, 2013.

Jeff Seely
Gordon, Elias & Seely, L.L.P.
1811 Bering Drive, Suite 300
Houston, Texas 77057
*Counsel for Plaintiff*

/s/ Allen D. Hemphill
Allen D. Hemphill