

**LI BIN CHEN, Plaintiff, v. MITSUBISHI HEAVY INDUSTRIES AMERICA, INC., et al., Defendants.**

**CIVIL ACTION G-08-238**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION**

*2009 U.S. Dist. LEXIS 17392*

**March 4, 2009, Decided**
**March 4, 2009, Filed**

**COUNSEL:** [*1] For Li Bin Chen, Plaintiff: Francis I Spagnoletti, LEAD ATTORNEY, Spagnoletti & Co, Houston, TX; Wade B Williams, LEAD ATTORNEY, Lewis and Williams, Galveston, TX.

For Mitsubishi Heavy Industries America, Inc., Defendant: Charles T Kelly, LEAD ATTORNEY, Kelly Smith et al, Houston, TX; Walter Scott Red, Jr, LEAD ATTORNEY, kelly, Smith & Murrah, PC, Houston, TX.

For Mitsubishi Heavy Industries, Ltd., Defendant: E Paul Cauley, Jr, LEAD ATTORNEY, Sedgwick Detert et al, Dallas, TX; Julia M Adams, Sedgwick, Detert, Moran & Arnold L.L.P., Houston, TX.

**JUDGES:** Gray H. Miller, United States District Judge.

**OPINION BY:** Gray H. Miller

**OPINION**

### MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Li Bin Chen's motion to remand. Dkt. 4. After considering the motion, responses, replies, and applicable law, the court GRANTS plaintiff's motion. It is, therefore, ORDERED that the case be remanded to County Court at Law No. 2 of Galveston County, Texas, where the suit originally was filed.

### I. BACKGROUND

Plaintiff Li Bin Chen ("Chen") is a Chinese citizen who was injured aboard the vessel the OOCL FAITH when a stop valve exploded in the boiler room. The explosion caused severe injuries and burns over ninety percent of Chen's [*2] body. Dkt. 1, Ex. A. Chen maintains that the stop value was part and parcel of the vessel manufactured and distributed by defendants Mitsubishi Heavy Industries, Ltd. ("MHI") and Mitsubishi Heavy Industries America, Inc. ("MHIA") (collectively, "Mitsubishi defendants"). MHI is a Japanese company, with its principal place of business in Japan, and MHIA is a Delaware corporation, with its principal place of business in New York. *Id.*

Chen filed suit against the Mitsubishi defendants in state court in Galveston County, Texas, bringing claims of negligence and products liability, specifically alleging a design defect. The vessel was not sued *in rem,* and Chen does not seek *in rem* remedies. *Id., see also* Dkt. 4. MHIA was served on August 11, 2008, and answered on October 7, 2008; however, MHI was not served until November 4, 2008. Dkts. 1, 4. The Notice of Removal was filed on December 4, 2008. Dkt. 4.

### II. ANALYSIS

#### A. Timing of Removal & Improper Joinder

*1. Standards*

a. Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim [*3] for relief upon which such action or proceeding is based . . . ." *28 U.S.C. § 1446(b).* Absent waiver by the plaintiff, or an equitable reason to toll the thirty-day period, a defendant

who files an untimely notice of removal loses the right to remove the case. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). In cases involving multiple defendants, all served defendants must join in the petition of removal no later than thirty days from the day on which the first defendant was served, provided the case is then removable. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir.1988); *see also Air Starter Components, Inc. v. Molina*, 442 F. Supp.2d 374, 379-381 (S.D. Tex. 2006) (explaining that the *Getty Oil* first-served rule is not accepted in all jurisdictions but remains the applicable standard in the Fifth Circuit).

Where improper joinder is found, the 30-day period runs from the time the improper joinder is discovered and not from the date an improperly joined defendant was served. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 390 n. 13 (5th Cir. 2000) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993)); *see also Henderson v. Ford Motor Co.*, 340 F. Supp. 2d 722, 724 n. 2 (N.D. Miss. 2004).

   b.  [*4] Improper Joinder Standard

To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $ 75,000.00. *28 U.S.C. § 1332*. But, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined, *i.e.* was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The burden to demonstrate that federal jurisdiction is proper, and that the party was improperly joined, lies with the party seeking removal. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In order to determine if joinder is improper, the court must decide, based on the facts and the law, whether a state court could reasonably impose liability. [*5] *B., Inc.*, 663 F.2d at 549 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Fields v. Pool Offshore Inc.*, 182 F.3d 353, 357 (5th Cir. 1999)). The Fifth Circuit has endorsed a *Rule 12(b)(6)*-like inquiry as the preferred methodology to determine whether joinder is proper. *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 646-47. However, in *Smallwood*, the court also recognized that in certain cases discrete facts are missing from the plaintiff's pleading making a summary judgment-type inquiry more useful. *Id.*

Under the summary judgment-type review, contested issues of fact should be resolved in the non-movant's favor, but only when there is actual controversy. *Badon*, 224 F.3d at 393. "[T]he mere assertion of metaphysical doubt as to the material facts is insufficient to create an issue if there is no basis for those facts." *Id.* (quoting *Jernigan*, 989 F.2d at 816 (internal quotations omitted)). Unlike a summary judgment, however, "any uncertainties as to the current state of controlling substantive law [must be resolved] in favor of the plaintiff." *B., Inc.*, 663 F.2d at 549.

"After all disputed questions of fact and all ambiguities in the controlling state law are resolved [*6] in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). And, the possibility must be a reasonable one, not purely theoretical. *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 653 (S.D. Tex. 2003). "[C]ourts have more recently emphasized that the possibility of recovery must be reasonable, not merely hypothetical or speculative. 'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder.'" *Id.* (quoting *Badon*, 236 F.3d at 286, in turn quoting *Jernigan*, 989 F.2d at 816). However, it need not be determined that the plaintiff is likely to or actually will recover. *Marine Geotechnics, LLC v. Acosta*, No. H-07-3499, 2008 U.S. Dist. LEXIS 75218, 2008 WL 4453628, at *3-4 (S.D. Tex. 2008).

### 2. As Applied

Here, MHIA was served on August 11, 2008, but defendant MHI was not served until November 4, 2008. MHI filed its notice of removal December 4, 2008, accompanied by the consent of MHIA. Dkt. 4. If both defendants are properly joined, then removal is untimely [*7] and the case must be remanded. However, if MHIA is improperly joined, as the Mitsubishi defendants allege, then the thirty-day removal period begins from date the improper joinder was discovered, which may or may not result in a timely removal.

There has been no assertion that facts giving rise to MHIA's claim of improper joinder arose after MHIA was served. Ostensibly, the crux of MHIA's argument is that the claim is grounded in products liability, and MHIA was not part of the sales, manufacturing, or distribution channels for the vessel or any of its parts. Such argument was within the purview of MHIA at the time it was served with the initial state court petition. However, for

Case 4:12-cv-03510 Document 6-1 Filed on 01/23/13 in TXSD Page 3 of 12

Page 3
2009 U.S. Dist. LEXIS 17392, *

reasons that become clear as this opinion unfolds, the court need not decide whether joinder was improper, or even if removal was timely, because all roads lead to remand.

## B. Federal Jurisdiction: The "Savings to Suitors" Clause & Diversity

### 1. Standards

a. "Savings to Suitors" Clause

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise [*8] entitled." *28 U.S.C. § 1333*. This "savings to suitors" clause permits state courts to exercise concurrent jurisdiction over *in personam* proceedings involving maritime causes of action. States may not, however, give *in rem* remedies or modify substantive maritime law. *Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986)*; *see also Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1484-85 (5th Cir.), cert. denied, 506 U.S. 975, 113 S. Ct. 467, 121 L. Ed. 2d 375 (1992)*. Although the claim would otherwise be removable and provide subject matter jurisdiction, the "savings to suitors" clause permits a plaintiff to choose a state forum. Cases falling within the clause are non-removable, absent an independent basis for federal jurisdiction, such as complete diversity. *Williams v. M/V SONORA, 985 F.2d 808, 812 (5th Cir. 1993)*.

"There is no dispute that general maritime law claims are subject to the 'savings to suitors' clause and may not be removed unless there is complete diversity of citizenship." *Lewis v. Transocean Terminal Operators, Inc., No. Civ. A. 00-772, 2001 U.S. Dist. LEXIS 339, 2001 WL 15636, at *1 (E.D. La. Jan 5, 2001)*. Many years ago, the Supreme Court recognized that:

> The Courts of Appeals [*9] sitting in admiralty overwhelmingly have adopted concepts of products liability, based both on negligence, *Sieracki v. Seas Shipping Co., 149 F.2d 98, 99-100 (3d Cir. 1945), aff'd on other grounds, 328 U.S. 85, 66 S. Ct. 872, 90 L. Ed. 1099 (1946)*, and on strict liability, *Pan-Alaska Fisheries, Inc. v. Marine Constr. & Design Co., 565 F.2d 1129, 1135 (9th Cir. 1977)* (adopting *RESTATEMENT (SECOND) OF TORTS § 402A* (1965)). Indeed, the Court of Appeals for the Third Circuit previously had stated that the question whether principles of strict products liability are part of maritime law "is no longer seriously contested." *Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp., 726 F.2d 121, 123 (1984)* (citing cases).

> [The Supreme Court] join[ed] the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime law. This Court's precedents relating to injuries of maritime workers long have pointed in that direction. . . . And to the extent that products actions are based on negligence, they are grounded in principles already incorporated into the general maritime law.

*East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 865-66, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986)*.

b. [*10] Diversity Jurisdiction

Because the claims in the case at bar arise under general maritime law, and are not statutorily defined, there is no federal question jurisdiction. Therefore, the only applicable basis for jurisdiction is complete diversity. The United States Code establishes that diversity jurisdiction exists in civil actions only where the amount in controversy exceeds $ 75,000, and the parties are:

> (1) citizens of different States;

> (2) citizens of a State and citizens or subjects of a foreign state;

> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

> (4) a foreign state, defined in *section 1603(a)* of this title, as plaintiff and citizens of a State or of different States.

*28 U.S.C. § 1332 (a)*. The law clear that "jurisdiction . . . cannot be predicated on either *§ 1332(a)(1)* or *(a)(3)* [if] U.S. citizens are not on both sides of the controversy." *U.S. Motors v. General Motors Europe, 551 F.3d 420, 422 (6th Cir. 2008)*.

In finding jurisdiction lacking, courts generally rely on two rationales. First, because "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," the presence of U.S. citizens [*11] on only one side of the dispute does not preserve jurisdiction. *Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d*

Case 4:12-cv-03510   Document 6-1   Filed on 01/23/13 in TXSD   Page 4 of 12

Page 4
2009 U.S. Dist. LEXIS 17392, *

*290, 294 (9th Cir. 1989)* (internal quotation marks and citation omitted); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp., 361 F.3d 359, 361 (7th Cir. 2004)* ("The diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides."); *Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002)* ("[D]iversity is lacking within the meaning of [§ 1332(a)(2) and (3)] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997)* ("[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole.").

. . .

Second, courts have consistently interpreted *Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)*, for purposes of § 1332(a)(2) to [*12] require complete diversity between the parties. *See Craig v. Atl. Richfield Co., 19 F.3d 472, 476 (9th Cir. 1994)* (Under § 1332(a)(2) complete diversity was lacking where "the case involved a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)."); *Eze v. Yellow Cab Co. of Alexandria, Va., 251 U.S. App. D.C. 206, 782 F.2d 1064, 1065 (D.C. Cir. 1986)* ("[U]nder long-held precedent, diversity must be 'complete.' . . . A diversity suit, in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."); *Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151 (5th Cir. 1985)* ("For the purposes of section 1332(a)(2) complete diversity is required.")

*Id.* at 423 (internal footnote omitted).

**2. As Applied**

Defendants argue that the "savings to suitors" clause does not protect the plaintiff's choice of a state court forum, thus the case can be removed to federal court. However, the instant suit presents the very type of *in personam* claims, explicitly recognized as part of general maritime law, over which the state courts exercise *concurrent* jurisdiction with federal courts. Therefore, this court [*13] should not interfere with plaintiff's choice of forum, unless separate legal authority to exercise jurisdiction exists.

Such authority can be found in the *Section 1332*, which outlines the requirement for diversity jurisdiction. However, under the facts presented, the diversity requirements simply are not met. To even reach this question in the analysis, the court must presuppose that MHIA was improperly joined. Accordingly, MHIA is not considered in determining whether diversity exists. After removing MHIA from the equation, only MHI, a foreign entity, and Chen, a foreign citizen, remain. And, the law explicitly and consistently observes that diversity does not exist in such a scenario.

The Mitsubishi defendants make much of the fact that a case allegedly involving the same operative set of facts is pending before a court in the Southern District of Texas. However, the other case, *Li Bin Chen and Mei Juan Chen v. Orient Overseas International, Orient Overseas Container Line, OOCL Faith, in rem, and Sea Pearl Maritime*, 07-cv-151, involves completely different parties and claims--including those under the Jones Act, and suit against the vessel *in rem*. And, "[u]nder the admiralty law of [*14] the United States, *in personam and in rem* actions may arise from the same claim, and may be brought separately or in the same suit." *Belcher Co. of Ala. v. M/V Maratha Mariner, 724 F.2d 1161, 1163 (5th Cir. 1984)*. Moreover, *in rem* admiralty claims are within the exclusive jurisdiction of the federal courts. *Linton, 964 F.2d at 1488*.

Therefore, although this court possesses concurrent jurisdiction, Chen's choice of a state court forum must be respected. And, because the requirements of diversity jurisdiction are not met, the case at bar is not removable.

**III. CONCLUSION**

Assuming *arguendo* that MHIA was properly joined, the removal was untimely and, therefore, remand is required. Alternatively, if MHIA is improperly joined, then the notice of removal was timely, as it was filed within thirty days of service of MHI. Thus, the court inquires as to whether the "savings to suitors" clause confers jurisdiction on the state court. Having found that it does, the court proceeds by determining whether an alternative basis of federal jurisdiction, *e.g.* diversity, exists. Because the court holds that the requirements of

diversity jurisdiction are not satisfied, the court concludes that the case must [*15] be remanded. Ultimately, both paths produce the same result, therefore, the court REMANDS the case to County Court at Law No. 2 of Galveston County, Texas.

Signed at Houston, Texas on March 4, 2009.

/s/ Gray H. Miller

Gray H. Miller

United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY



NORMA GAIL SEAL SAUNEE, ET AL v. HARRY'S DIVE SHOP, ET AL

CIVIL ACTION NO. 92-2013 SECTION "N"

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

*1992 U.S. Dist. LEXIS 18387*

November 25, 1992, Decided
November 30, 1992, Filed and Entered

**DISPOSITION:**   [*1]   IT IS ORDERED that plaintiffs' motion to remand is GRANTED, and that the above-styled action is hereby remanded to the Civil District Court, Parish of Jefferson, State of Louisiana.

**JUDGES:** CLEMENT

**OPINION BY:** EDITH BROWN CLEMENT

**OPINION**

*ORDER AND REASONS*

Plaintiffs' motion to remand was decided this date on memoranda. For the reasons stated below, plaintiffs' motion is GRANTED.

BACKGROUND

This case arises out of the drowning death of Dr. Jules Anthony Saunee III, while on a scuba diving expedition in the Gulf of Mexico on April 26, 1992. Plaintiffs, the family of the deceased, brought suit against Harry's Dive Shop (Barry's) in state court in Jefferson Parish, Louisiana. Barry's removed the case to federal court, contending that there is federal jurisdiction pursuant to the Death on the High Seas Act (DOHSA), *46 U.S.C. § 761, et seq.*

Plaintiffs have filed a motion to remand this action to state court. Plaintiffs contend that this action does not fall within the scope of DOHSA, because they allege that the decedent's death was caused by negligent acts on land, as well as at sea. In the alternative, plaintiffs contend that DOHSA actions are not removable. Barry's contends [*2] that this action is controlled by DOHSA, and that DOHSA actions are removable.

ANALYSIS

DOHSA Jurisdiction

The courts are in agreement that DOHSA jurisdiction lies whenever the point of injury is at sea, even where previous negligent acts contributing to the injury occurred on land. *Bergen v. F.V. St. Patrick, 816 F.2d 1345, 1348 (9th Cir. 1987)*; *Moyer v. Klosters Rederi, 645 F.Supp. 620, 627 (S.D.Fla. 1986)*; *Chute v. United States, 466 F.Supp. 61 (D.Mass. 1978)*. Accordingly, there is DOHSA jurisdiction over this matter.

Removability

It is well-settled that state and federal courts have concurrent jurisdiction over DOHSA actions. *Offshore Logistics v. Tallentire, 477 U.S. 210, 221-23 (1986)*; *Baris v. Sulpicio Lines, Inc., 932 F.2d 1540 (5th Cir. 1991)*. However, the Fifth Circuit has not yet addressed the question of whether DOHSA actions are removable. *In Re Medscope Marine, Ltd., 972 F.2d 107, 110 (5th Cir. 1992)*.

The leading, case on this issue is *Filho v. Pozos Int'l Drilling Services, Inc., 662 F.Supp. 94 (S.D.Tex. 1987)*. [*3]   The *Filho* court held that DOHSA actions were not removable. The court reasoned that a DOHSA claims are derived from general maritime law, and that a traditional maritime claim does not present a federal question "arising under" the Constitution, laws, or treaties of the United States as defined in *28 U.S.C. § 1331* and *1441(b)*. *Id.* at 98-100. Two sections of this Court have followed *Filho*, holding that a DOHSA claim does not present a federal question. *In Re: The Matter of Waterman Steamship Corp., 1992 U.S. Dist. LEXIS 7910 (E.D.La. June 4, 1992) (Sear, J.)*; *Carreon v. Cal-Tex Philippines, Inc.,*

*1990 U.S. Dist. LEXIS 12755* (E.D.La. September 25, 1990) (Livaudais, J.). Accord *Argandona v. Lloyd's Registry of Shipping, 1992 U.S. Dist. LEXIS 14868* (S.D.Fla. September 14, 1992).

The Court is aware of two contrary decisions. *Phillips v. Offshore Logistics, Inc., 785 F.Supp. 1241 (S.D.Tex. 1992)*; *Kearney v. Litton Precision Gear, 1988 U.S. Dist. LEXIS 16887* (C.D.Cal. [*4] March 17, 1988). The *Phillips* court noted that, "absent an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Phillips, 785 F.Supp. at 1242, quoting Baldwin v. Sears Roebuck & Co., 667 F.2d 458 (5th Cir. 1982)*. Because there was no express declaration by Congress that DOHSA actions were not removable, the court held that such actions could be removed. *Id.*

This Court concurs with *Filho* and the prior opinions rendered in this district, and holds that DOHSA actions cannot be removed to federal court. DOHSA claims are admiralty in nature, *46 U.S.C. § 761*, and admiralty claims are separate and distinct from federal questions as defined by *28 U.S.C. § 1331*. See *Romero v. International Terminal Operating Co., 358 U.S. 351, 378-79 (1959)*. Consequently, a DOHSA claim does not present a federal question.

CONCLUSION

For the reasons stated above,

IT IS ORDERED that plaintiffs' motion to remand is GRANTED, [*5] and that the above-styled action is hereby remanded to the Civil District Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 25th day of November, 1992.

EDITH BROWN CLEMENT

UNITED STATES DISTRICT JUDGE



ANGELINA CANTUBA VERSUS THE AMERICAN BUREAU OF SHIPPING
AND MITSUBISHI HEAVY INDUSTRIES, INC.

CIVIL ACTION NO. 95-0461 SECTION "D" (1)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
LOUISIANA

1995 U.S. Dist. LEXIS 4064

March 29, 1995, Decided
March 29, 1995, FILED; March 30, 1995, ENTERED

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, the representatives of nine crew members killed in a maritime accident, filed a motion to remand their Death on the High Seas Act (DOHSA), *46 U.S.C.S. § 761, et seq.*, action to state court. Defendants, a classification society and the manufacturer of the ship, had removed the action to federal court. Plaintiffs also sought costs and fees.

**OVERVIEW:** Plaintiffs filed their DOHSA action in state court, and defendants removed it to federal court. Plaintiffs filed a motion to remand, and the court granted the motion. The court held that because § 1 of DOHSA provided for jurisdiction in the district courts in admiralty only, the case was not within the court's removal jurisdiction. The court did not have federal question jurisdiction over the case. A review of the legislative history of DOHSA revealed that the inclusion of the words "in admiralty" in DOHSA was intended to be a jurisdictional directive. The choice of words was a deliberate decision on the part of the legislature to have DOHSA claims tried only in the admiralty jurisdiction of the court. The court held that it could not ignore that directive and allow the case to be removed to federal court on the basis of federal question jurisdiction when the court's original jurisdiction was only in admiralty. Moreover, the Supreme Court was concerned that plaintiffs in DOHSA claims had the choice of forum. If DOHSA claims were removable under federal question jurisdiction, the plaintiff's forum choice would be tentative and subject to the desires of defendants.

**OUTCOME:** The court granted the motion to remand and denied the motion for costs and fees.

**LexisNexis(R) Headnotes**

*Admiralty Law > Personal Injuries > Death Actions > Death on the High Seas Act > Procedure*
[HN1] See § 1 of the Death on the High Seas Act, *46 U.S.C.S. § 761.*

*Admiralty Law > Personal Injuries > Death Actions > Death on the High Seas Act > Procedure*
[HN2] Section 7 of the Death on the High Seas Act (DOHSA), *46 U.S.C.S. § 761, et seq.*, recognizes concurrent state and federal jurisdiction over high seas death actions, with DOHSA supplying the exclusive substantive remedy.

*Admiralty Law > Personal Injuries > General Overview*
[HN3] A federal statutory maritime action could be removed on the basis of federal question jurisdiction only if it could be found that in passing the act Congress intended to abrogate the traditional maritime remedy and to establish in is place an entirely new cause of action.

*Admiralty Law > Personal Injuries > General Overview*
*Civil Procedure > Removal > General Overview*
[HN4] Federal and state courts have concurrent jurisdiction over Death on the High Seas Act (DOHSA), *46 U.S.C.S. § 761, et seq.*, cases. Unless there is an express

Case 4:12-cv-03510   Document 6-1   Filed on 01/23/13 in TXSD   Page 9 of 12

Page 2
1995 U.S. Dist. LEXIS 4064, *

declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable.

**COUNSEL:** For ANGELINA CANTUBA, ARCELI MARCARILAY, JAIME MARMOL, FLORO BESADA, SR, CATALINA H TARROSA, AUGUSTINA GALVAN, FEDERICO BAZARTE, DOLORES ENCINAREZ, NORMA TIJA SALAS, plaintiffs: George Warren Byrne, Jr., Randy Jay Ungar, Law Offices of Randy J. Ungar, New Orleans, LA. Charles Bruce Colvin, Charles B. Colvin, Attorney at Law, New Orleans, LA.

For AMERICAN BUREAU OF SHIPPING, defendant: David Louis Carrigee, James O. M. Womack, Burke & Mayer, New Orleans, LA. Michael D. Wilson, Kirlin, Campbell & Keating, New York, NY. For MITSUBISHI HEAVY INDUSTRIES, LTD., defendant: Robert B. Acomb, Jr., Richard D. Bertram, Jones, Walker, et al, New Orleans, LA.

**JUDGES:** [*1] A. J. McNamara, J.

**OPINION BY:** A. J. McNamara

**OPINION**

Before the court is the Plaintiffs' Motion to Remand and to Award Costs and Fees. American Bureau of Shipping and Mitsubishi Heavy Industries, Inc., defendants, oppose this motion. This motion, which was set for hearing on Wednesday, March 15, 1995, is before the court on briefs, without oral argument.

After a review of the memoranda and applicable case law, this court finds that this matter is not within the removal jurisdiction of this court and therefore, Plaintiffs' motion is well-grounded, for the reasons set forth below.

*BACKGROUND*

This action arises from the sinking of the MARIKA 7, a bulk carrier, on January 1, 1994 in which all 36 hands were lost. This suit is brought by the representatives of nine crew members against a classification society and the manufacturer of the ship.

Plaintiffs' actions for wrongful death arise under the Death on the High Seas Act, ("DOHSA"), *46 U.S.C. § 761, et seq*, and were originally filed in state court. The defendants removed the matter to this court on the basis that actions arising under DOHSA are within the "federal question" jurisdiction of the court.

Plaintiffs seek to remand [*2] this matter, arguing that DOHSA claims are "admiralty" matters, not "federal question" matters, and are therefore not removable under *28 U.S.C. § 1441*.

*LEGAL ANALYSIS*

Section 1 of DOHSA provides:

> [HN1] Whenever the death of a person shall be caused by wrongful act, neglect or default occurring on the high seas beyond a marine league from the shore of any State . . . the personal representative may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

*46 U.S.C. § 761* (emphasis added).

The issue raised in this motion is whether the inclusion of the words "in admiralty" in DOHSA prevents the removal of DOHSA claims filed originally in state court on the grounds of "federal question" jurisdiction.[1] This issue is one which several courts have addressed, but it has not yet been decided by the Supreme Court or the Fifth Circuit.

> 1  In *Offshore Logistics v. Tallentire, 477 U.S. 207, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986)*, the Supreme Court held that [HN2] section 7 of DOHSA recognizes concurrent state and federal jurisdiction over high seas death actions, with DOHSA supplying the exclusive substantive remedy.

[*3] This court finds that it does. Had the words "in admiralty" not been included in DOHSA, or had they not constituted a jurisdictional directive, the court would find that claims filed under DOHSA do come within the "federal question" jurisdiction of the court and are therefore subject to removal pursuant to *28 U.S.C. § 1441(b)*. The arguments supporting this conclusion are as follows.

First, it is readily apparent that DOHSA is a federal statute. Consequently, it "arises under the Constitution, laws, or treaties of the United States," falling within the jurisdiction conferred on the district courts by *28 U.S.C. § 1331*. Furthermore, DOHSA creates rights different and distinct from the traditional maritime common law, because prior to DOHSA the general maritime law had no provision for wrongful death. *See Giacona v. Capricorn Shipping Co., 394 F. Supp. 1189 (S.D. Tex. 1975)*[2]. Therefore, DOHSA was not simply a codification of

existing law, but rather created an entirely new remedy, which would give rise to federal question jurisdiction.

> 2   The *Giacona* court held that [HN3] a federal statutory maritime action could be removed on the basis of federal question jurisdiction only if it could be found that in passing the Act Congress intended to abrogate the traditional maritime remedy and to establish in is place an entirely new cause of action. *394 F. Supp. 1189, 1191-92.*

[*4] Second, unlike the Jones Act, DOHSA does not contain a prohibition on removal of actions filed in state court. In *Tallentire,* the Supreme Court found that [HN4] federal and state courts have concurrent jurisdiction over DOHSA cases. *Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986).* As noted in *Phillips v. Offshore Logistics, 785 F. Supp. 1241, 1242 (S.D. Tex. 1992),* the Fifth Circuit has expressly addressed the propriety of removal where federal and state courts have concurrent jurisdiction. It held that "unless . . . there is an express declaration by Congress to the contrary, *all types of civil actions,* in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Id.* (citing *Baldwin v. Sears, Roebuck and Co., 667 F.2d 458, 460 (5th Cir. 1982)).*

However, despite the convincing rationale of the arguments favoring the removal of DOHSA claims on the basis of federal question jurisdiction, the court cannot ignore the significance of the provision in DOHSA that a suit may be maintained in district court "in admiralty."

A review of the legislative history of DOHSA reveals that the [*5] inclusion of the words "in admiralty" in the Act was intended to be a jurisdictional directive. During a debate on the House floor during the enactment of DOHSA, the following was stated:

> This (DOHSA) proceeding will be in admiralty and . . . there will be no jury, so that no Member of the House may have any misunderstanding about it[.] That question was thrashed out and it was decided best not to incorporate into this bill a jury trial because of the difficulties in admiralty proceedings.

66th Cong., 2nd Sess. Cong. Rec. H4482 (March 17, 1920) (statement of Rep. Igoe).

Clearly, a review of the legislative history of DOHSA demonstrates that the choice of the words "in admiralty" was a deliberate decision on the part of the legislature to have DOHSA claims tried only in the admiralty jurisdiction of the court. This court finds that it cannot ignore that directive and allow the case to be removed to federal court on the basis of federal question jurisdiction when the court original jurisdiction is only in admiralty.

In addition, the *Tallentire* court, although not addressing the issue at hand, stated in *dicta* that:

> The availability of concurrent jurisdiction [*6] prevents disunity in the provision of forums to survivors of those killed on the high seas; it ensures that if a seaman and a passenger are killed at sea in the same accident, the beneficiaries of both *are able to choose the forum in which they wish to proceed.*

*106 S. Ct. at 2499.*

The Supreme Court was concerned that plaintiffs in DOHSA claims have the choice of forum. If DOHSA claims are held to be removable under federal question jurisdiction, the plaintiff's forum choice would always be tentative and subject to the desires of the defendants.

For these reasons, the court holds that DOHSA claims are not removable under the federal question jurisdiction of the court.

Accordingly;

IT IS ORDERED that Plaintiffs' Motion to Remand be and is hereby GRANTED because this court lacks removal jurisdiction, and that this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Award Costs and Fees be and is hereby DENIED.

A. J. McNamara



REMEDIOS ("REMY") ROBLES et al. v. AMBIENT PRESSURE DIVING LTD. et al.

Case No. CV 10-4294 AHM (FFMx)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

2010 U.S. Dist. LEXIS 79910

July 20, 2010, Decided
July 20, 2010, Filed

**COUNSEL:** [*1] Attorneys for Plaintiffs: NOT Present.

Attorneys for Defendants: NOT Present.

**JUDGES:** The Honorable A. HOWARD MATZ, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** A. HOWARD MATZ

**OPINION**

**CIVIL MINUTES - GENERAL**

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Having considered the parties' papers and authority cited therein, the Court finds that federal jurisdiction is lacking and REMANDS the case to the Los Angeles County Superior Court. The overwhelming weight of authority lends support to the conclusion that Death on the High Seas Act ("DOHSA") claims originally filed in state court are not removable. *See, e.g.,* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-5 ¶ 2:858 (Rutter Group 2010) ("State court actions for damages under the Death on the High Seas Act (*46 USC App. § 761*) are not removable."); *Filho v. Pozos International Drilling Services, Inc., 662 F. Supp. 94, 98 (S.D. Tex 1987)* ("[A] DOHSA claim brought in state court is not removable to federal court as a federal question."); *Argandona v. Lloyd's Registry of Shipping, 804 F. Supp. 326, 327 (S.D. Fla. 1992)* (finding that "DOHSA claims are admiralty in nature[,] do not invoke federal question jurisdiction and, therefore, are [*2] not removable under § 1441(b)"); *Trinh v. Yamaha Boat Co., 122 F. Supp. 2d 1364, 1366 (S.D. Ga. 2000)* ("DOHSA claims are admiralty questions, [and therefore] the *Romero [v. International Terminal Operating Co., 358 U.S. 354, 79 S. Ct. 468, 3 L. Ed. 2d 368 (1959)]* decision mandates that such claims are not federal questions. Therefore, the Court finds that DOHSA claims are not removable under *§ 1441(b).*"); *Cornelio v. Premier Pacific Seafoods, Inc., 279 F.Supp.2d 1228, 1230 (W.D.Wash. 2003)* ("The Court finds that Plaintiffs' [DOHSA claims] sound in admiralty. Such claims do not arise under the 'laws of the United States' for purposes of removal based upon federal question jurisdiction and therefore are not removable pursuant to *28 U.S.C. § 1441(b)*. Remand to state court pursuant to *28 U.S.C. § 1447(c)* is therefore appropriate.").

The Court does not find persuasive the reasoning of Judge Kenyon in the unpublished opinion *Kearney v. Litton Precision Gear, 1988 U.S. Dist. LEXIS 16887, 1988 WL 383575 (C.D. Cal. March 17, 1988)*, and declines to follow it. *Accord Tomlin v. Carson Helicopters, Inc. 700 F. Supp. 248, 252 fn 2 (E.D. Pa. 1988)* ("This Court declines to follow *Kearney* . . . In a one page Order, the *Kearney* court found removal jurisdiction [*3] without discussion of the rule or requirements of the complete preemption doctrine as mandated by the Supreme Court in *Metropolitan Life* and *Caterpillar.*"); *Trinh, supra, 122 F. Supp. 2d at 1366* (explaining that the *Kearny* court reached its decision "without fully examining the controlling case law").[1]

---

1 Having granted Plaintiffs' motion to remand [Dkt. No. 5], the Court will not address Defendants' motion to dismiss.

No hearing is necessary. *Fed. R. Civ. P. 78*; *L. R.* *7-15*.