UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONNIE RYAN, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-12-3510 |
| § | |
| HERCULES OFFSHORE, INC., *et al.*, § | |
| § | |
| *Defendants*. § | |

**ORDER**

Pending before the court is a motion to remand filed by plaintiff Jonnie Ryan, as personal representative of Mark Ryan and the Estate of Mark Ryan ("Plaintiffs"). Dkts. 3, 4. Having considered the motion, response, petition, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

Decedent Mark Ryan worked for defendant Wild Well Control, Inc. ("Wild Well"). Dkt. 4. On November 19, 2010, he was working off the coast of Port Harcourt, Nigeria on the Noble Percy Johns, a Leg Cantilever Jack-Up vessel, which was drilling a deviated relief well to control a damaged well that was blowing gas. *Id.* Ryan began to experience cardiac symptoms and went into cardiac arrest. *Id.* According to plaintiffs, the crew on the vessel, who worked for defendant Noble Drilling, Inc. ("Noble"), failed to properly administer CPR and failed to use a defibrillator that was on the vessel. *Id.* They also did not have a helicopter available to take Ryan to shore. *Id.* Plaintiffs allege that by the time shore personnel arrived, Ryan had passed away. *Id.*

On October 16, 2012, Ryan's widow, Jonnie Ryan, filed suit in the 80th Judicial District Court of Harris County, Texas, as personal representative of Ryan and his estate. Dkt. 1-5. She

asserted claims against Wild Well, Noble, Hercules Offshore, Inc., and Hercules Liftboat, Inc., for negligence and unseaworthiness, pursuant to the Death on the High Seas Act, general maritime law, and the *Sieracki* seaman doctrine.[1]  *Id.*  Wild Well was served on November 1, 2012, and it removed the case to this court on December 3, 2012.[2]  Dkt. 1.  The other defendants consented to removal. *Id.*  In the notice of removal, Wild Well contends that the case was removable pursuant to 28 U.S.C. § 1441 because Plaintiffs' claims fall within the federal district court's original jurisdiction.  *Id.* Plaintiffs filed a motion to remand on January 2, 2013, arguing that their claims are general maritime claims that historically cannot be removed.  Dkts. 3, 4.[3]  In response, Wild Well argues that a plain reading of recent amendments to section 1441 make previously unremovable claims removable and that Plaintiffs' claims meet the requirements for removal under the amended statute.  Dkt. 6. Plaintiffs did not file a reply.

## II. LEGAL STANDARD AND ANALYSIS

Under 28 U.S.C. § 1333, district courts "have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil action of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled."  Traditionally, general maritime claims saved to suitors have not been removable.  *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003)

---

[1] Plaintiffs have since dropped their claims against Hercules Offshore, Inc. and Hercules Liftboat Company, LLC.  *See* Dkts. 14, 15.

[2] Removal was timely because the 30th day after removal, December 1, 2012, fell on a Saturday.  The first business day after the deadline was Monday, December 3, 2012.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] Plaintiffs timely filed their motion to remand on January 2, 2013.  Dkt. 3.  They filed a supplemental motion on January 3, 2013, which merely added a table of contents and authorities as required by the court's procedures.  Dkt. 4 at i n.1.  The court will refer to docket entry 4 when referring to the motion.

(citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S. Ct. 468 (1959), *superseded by statute on other grounds*, 45 U.S.C. § 59, for the proposition that "saving to suitors" claims are not removable because maritime claims do not present a federal question). This was not, however, because the saving to suitors clause prohibited removal, as it "does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies*. It does not guarantee them a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996) (citing *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981)). It was "well-established that maritime claims do no 'aris[e] under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction." *Id.* (citing *Romero* and *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)). Thus, the claims could not be removed as federal questions, and federal courts could only assert removal jurisdiction over admiralty claims that met the diversity jurisdiction requirements stated in the prior version of 28 U.S.C. § 1441(b). Ryan moves to remand based on these principles, as the parties in this case are not diverse.

Under the removal statute, the removing party bears the burden of demonstrating that removal was proper. *Tenn. Gas Pipeline*, 87 F.3d at 152. Wild Well agrees that prior to January 2012, a general maritime claim could be removed only when there was a separate basis for federal jurisdiction. Dkt. 6. Wild Well points out, however, that the removal statute was amended on December 7, 2011,[4] and argues that the plain language of the amended statute allows removal if there

---

[4] The removal statute was amended on December 7, 2011, but the change did not become effective until thirty days after the enactment. Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 105, Pub. L. No. 112-63, 125 Stat. 758.

is original jurisdiction and there is otherwise no statutory bar to removal, notwithstanding the "saving to suitors" clause. *Id.*

**A.     The Statute**

The previous version of section 1441 stated:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(a) & (b) (West 2006). The statute was amended in 2011. The current version states:

> (a) **Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**—(1) In determining whether a civil action is removal on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(a) & (b) (West Supp. 2012).

**B.     The Caselaw**

In determining the meaning of the amendment to section 1441, the court must presume that Congress was aware of the caselaw interpreting the prior version. *See Bowen v. Massachusetts*, 487 U.S. 879, 896, 108 S. Ct. 2722 (1988) (stating that there is a "well-settled presumption that Congress understands the state of existing law when it legislates"). The court will thus begin with a discussion of the major cases that courts in the Fifth Circuit have relied on when determining whether removal of maritime cases is appropriate when the parties lack diversity.

The U.S. Supreme Court, in *Romero v. International Terminal Operating Co.*, determined that general maritime claims do not present a federal question under 28 U.S.C. § 1331 and noted that, if it held otherwise, such claims would be freely removable under the former version of 28 U.S.C. § 1441(b), which stated that any "civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The Court stated that this consequence "would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve." *Romero*, 358 U.S. at 372.

In *In re Dutile*, the Fifth Circuit considered a petition for a writ of mandamus requiring the district court to remand a case filed under the Jones Act, general maritime law, and Louisiana law, to the Louisiana state court in which it was originally filed. *In re Dutile*, 935 F.2d at 62. One of the issues in *Dutile* involved whether the case could be removed because there were *in rem* claims asserted against a vessel in addition to *in personam* claims against individuals. *Id.* It noted that the *in rem* maritime claims clearly fell within the district court's original jurisdiction, and thus met the

5

requirement of section 1441(a) that cases over which district courts have original jurisdiction may be removed. *Id.* The court found, however, that the claim could *not* be removed because section 1441(a) was prefaced with the term "Except as expressly provided by Act of Congress," and section 1441(b) was an Act of Congress that precluded removal. *Id.* The first part of section 1441(b) stated that claims "arising under the Constitution, treaties or laws of the United States"—federal questions—could be removed without regard to the citizenship of the parties. *Id.* Since admiralty claims are not federal questions under *Romero*, the *Dutile* Court went on to the second part of the previous version of section 1441(b), noting that "admiralty and general maritime claims fall within the category of "[a]ny other such action," and that they were thus "'removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.'" *Id.* at 63 (quoting the previous version of 28 U.S.C. § 1441(b)). The court pointed out that the "practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants). . . . A defendant who desires to remove a maritime action from state court must establish diversity jurisdiction." *Id.*

In *Tennessee Gas Pipeline v. Houston Casualty Insurance Company*, the Fifth Circuit considered whether a case filed under the Outer Continental Shelf Lands Act ("OCSLA") in state court could be removed. *Tenn. Gas Pipeline*, 87 F.3d at 152. The plaintiff argued that the maritime claim was saved to suitors under 28 U.S.C. § 1333. *Id.* The defendant removed the case, arguing that the court had federal question jurisdiction over the OCSLA claim. *Id.* The plaintiff moved to remand, and the district court denied the motion. *Id.* However, it certified the question of whether the case could be removed because of federal question jurisdiction to the Fifth Circuit. *Id.* The Fifth Circuit noted "that maritime claims do not 'aris[e] under the Constitution, treaties or law of the

6

United States' for purposes of federal question and removal jurisdiction," so the maritime claim was not removable under the first sentence of the former version of section 1441(b). *Id.* at 153. However, it pointed out that "the savings clause does not prevent the removal of maritime claims when original jurisdiction is based on something other than admiralty." *Id.* (citing *Porrier*, 648 F.2d at 1066 (removable due to diversity) and *Williams v. M/V Sonora*, 985 F.2d 808 (5th Cir. 1993) (removable as a federal question under the Foreign Sovereign Immunities Act)). The Fifth Circuit determined that OCSLA provided that alternative basis for original jurisdiction. *Id.*

As recently as March 20, 2013, the Fifth Circuit acknowledged, when considering a claim that was asserted before section 1441 was amended, that maritime claims "are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims . . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Barker v. Hercules Offshore, Inc.*, ___ F.3d ___, 2013 WL 1319355 (5th Cir. Mar. 20, 2013). The court considered whether the previous version of section 1441(b) prohibited the removal of an OCSLA case in which diversity did not exist if maritime law provided the substantive rule of decision under OCSLA. *Id.* at *8. The Fifth Circuit noted that "'the saving to suitors' clause under general maritime law 'does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty,'" citing *Tennessee Gas*. *Id.* at *9. The court ultimately held that OCSLA provides an independent basis for federal jurisdiction, whether OCSLA requires the application of state or maritime law, and that removal of an OCSLA claim is proper regardless of the citizenship of the parties. *Id.* at *9-10. The Fifth Circuit discussed the new version of section 1441, deeming it a clarification of the prior rule. *Id.* at *11. In doing so, the court noted, relying on *Dutile*, that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 *may* require

7

complete diversity prior to removal," thus implying that even under the new rule removable admiralty cases require complete diversity. *Id.* (emphasis added). The court, however, did not directly address this issue.

C.     **Removability of Plaintiffs' Admiralty Claims**

These cases make relatively clear that (1) federal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought. When Congress amended section 1441, it left the reference in section 1441(a) to cases in which courts have "original" jurisdiction being removable unless prohibited by an act of Congress. However, it deleted the text in section 1441(b) upon which courts in the Fifth Circuit relied as being an "Act of Congress" that precluded removal of cases that did not meet the other requirements of section 1441(b). The new version of section 1441(b) speaks solely to cases that are removed on the basis of diversity of citizenship. Plaintiffs have not suggested that some other act of Congress prohibits removal. Instead, Plaintiffs argue that the amendment is not substantive and that the court should look to the legislative history of the amendment, which Plaintiffs claim indicates that the changes to section 1441 are not substantive. Dkt. 4 at 9-10.

While it is possible that Congress did not intend for the changes to section 1441 to be substantive, it nevertheless made substantial changes to the text of section 1441(b). The new statute

8

does not contain any ambiguous language. Under the amendment, as under the prior version, federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction unless an act of Congress prohibits that exercise of jurisdiction. Section 1441(b), however, is no longer an "Act of Congress" prohibiting that exercise in admiralty cases involving non-diverse parties. Instead, Congress expects courts to look to the new version of section 1441(b) only when ascertaining removability of cases removed on the basis of diversity—hence the new title of the section, "Removal based on diversity of citizenship."

In the Fifth Circuit, the "law is crystal clear that when . . . the language of a statute is unambiguous, [the court] has no need to and will not defer to extrinsic aids or legislative history. . . . Clear statutory language is dispositive. To paraphrase Justice Holmes's oft-quoted statement, we do not inquire what Congress meant; we only ask what it said." *Guilzon v. C.I.R.*, 985 F.2d 819, 823 (5th Cir. 1993). "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942 (2000) (citations and quotations omitted). Here, given the indication in prior caselaw that the saving to suitors clause doe not guarantee a nonfederal forum, an amendment allowing removal is not absurd. Thus, the court may not consider the legislative history.

Plaintiffs argue that maritime claims cannot be removed pursuant to section 1441(a) because they do not arise under the Constitution, treaties or laws of the United States. Dkt. 4 at 12. However, neither the prior version nor the new version of section 1441(a) refers to claims that arise under the Constitution, treaties or laws of the United States. This reference was found in the previous version of section 1441(b). Both versions of section 1441(a) refer to *original* jurisdiction, and federal district courts have "original jurisdiction" over "[a]ny civil case of admiralty or maritime

9

jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

**D.     Removability of Plaintiffs' DOHSA Claim**

In addition to claims under general admiralty law, Plaintiffs assert a claim under the Death on the High Seas Act ("DOHSA") and a claim as a *Sieracki* seaman. Like admiralty claims, state and federal district courts have concurrent original jurisdiction over DOHSA claims. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 232, 106 S. Ct. 2485 (1986) (finding that DOHSA should be read "as a jurisdictional saving clause," recognizing "concurrent state jurisdiction to hear DOHSA actions," and finding that "the availability of concurrent jurisdiction prevents disunity in the provision of forums to survivors of those killed on the high seas"). The Fifth Circuit has not, however, ever squarely addressed whether DOHSA claims are removable. *In re Medscope Marine Ltd.*, 972 F.2d 107, 110 (5th Cir. 1991). This court has, however, held that "a claim pursuant to DOHSA fails to invoke federal question jurisdiction" and that "a DOHSA claim brought in state court is not removable to federal court as a federal question." *Filho v. Pozos Int'l Drilling Servs., Inc.*, 662 F. Supp. 94, 100 (S.D. Tex. 1987) (Hittner, J.). This case was, however, decided under the former version of the removal statute. The Fifth Circuit has clearly noted that "DOHSA confers federal admiralty jurisdiction where the injury or accident resulting in death occurred while the decedent was at sea." *Motts v. M/V GREEN WAVE*, 210 f.3D 565, 571 (5th Cir. 2000). Since DOHSA claims sound in admiralty and are not federal questions, they, like admiralty claims in general, would not have been removable under the former version of section 1441, but are removable under the plain language of the current version. Since the district court has original jurisdiction over DOHSA claims, they, like admiralty claims, are removable under section 1441(a)—the new version of section 1441(b) does not limit the removability.

E.   **Removability of Plaintiffs'** *Sieracki* **Claim**

The Longshore and Harbor Workers' Compensation Act ("LHWCA") limits the ability of those who receive benefits under the LHWCA from pursuing other remedies in admiralty. *See* 33 U.S.C. § 905(a); *Green v. Vermilion Corp.*, 144 F.3d 332, 337 (5th Cir. 1998). However, a class of maritime workers not covered by the LHWCA, known as *Sieracki* seamen in tribute to *Sea Shipping Co. v. Sieracki*, 328 U.S. 85 (1946) and its progeny, may pursue general maritime claims against a vessel owner. *See Green*, 144 F.3d at 337-38. Plaintiffs assert that Mark Ryan was a *Sieracki* seaman, as his death occurred when he was onboard a vessel on the high seas off of the coast of Nigeria and does not fall within the LHWCA. Dkt. 1-5. Plaintiffs assert that the *Sieracki* seaman claim is a maritime claim that cannot be removed. Dkt 4 at 19. Defendants argue, of course, that this maritime claim *is* removable under the new version of section 1441. Dkt. 6 at 21. The court agrees with defendants. Since the claim is essentially an admiralty claim, under the amended statute, it may be removed.

## IV. CONCLUSION

Because all of Plaintiffs' claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit the removal of these claims, Plaintiffs' motion for remand is DENIED.

Signed at Houston, Texas on May 13, 2013.

_____
Gray H. Miller
United States District Judge